IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ROBERT M. MOORE, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICES,

    Defendant.

Case No.   1:19-cv-00540

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, ROBERT M. MOORE, individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of Defendant, PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICES, as follows:

### NATURE OF ACTION

1. This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue in this district is proper under 28 U.S.C. §1391(b)(2).

### PARTIES

4. ROBERT M. MOORE ("Plaintiff") is a natural person, over 18-years-of-age, who formerly resided at 2227 Blue Harbor Drive, Fort Wayne, Indiana 46804.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

1

6. PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICES ("Defendant") is a corporation that provides mortgage services in the United States. Defendant is in the business of servicing mortgage loans on behalf of others and originating residential mortgage loans.

7. Defendant's principal place of business is located in Mount Laurel, New Jersey.

8. Defendant is a national mortgage servicer that services hundreds of thousands of mortgage loans nationwide. Through the course of servicing mortgage loans, Defendant is in constant contact with consumers regarding the statuses of their mortgage loans.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because it uses instrumentalities of interstate commerce and the mail in its debt collection business.

10. The principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

11. Defendant regularly collects or attempts to collect debts owed to others.

12. Upon information and belief, Defendant transmits hundreds of thousands of debt collection letters on a monthly basis from its principal place of business.

**FACTUAL ALLEGATIONS**

9. On December 14, 2006, Plaintiff executed a mortgage in favor of American Brokers ("subject mortgage").

10. The subject mortgage secured the purchase of Plaintiff's personal residence located at 2227 Harbor Drive, Fort Wayne, Indiana 46804 ("subject property").

11. The subject mortgage secured the repayment of a mortgage loan in the amount of $176,000 issued to Plaintiff to fund the purchase of the subject property ("subject loan").

12. On June 1, 2009, Plaintiff defaulted on the subject loan by failing to make monthly payments.

13. On October 8, 2010, Plaintiff filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Central District of Illinois.

14. On October 29, 2010, Plaintiff filed an Amended Chapter 13 plan.

15. Plaintiff's Amended Chapter 13 Plan proposed to surrender the subject property to BAC Home Loans (Defendant's servicing predecessor).

16. On December 28, 2010, Plaintiff's Amended Chapter 13 Plan was confirmed by the Bankruptcy Court ("Confirmed Plan"), binding BAC Home Loans to the terms of the Amended Chapter 13 Plan.

17. Plaintiff performed all of his obligations as set forth in his Confirmed Plan.

18. Accordingly, on November 19, 2015, the Bankruptcy Court entered an Order of Discharge pursuant to 11 U.S.C. §1328(a).

19. Plaintiff's bankruptcy discharge extinguished his personal liability on the subject loan. *See* 11 U.S.C. §1328(a) and §524.

20. On February 16, 2019, Defendant acquired servicing rights to the subject loan.

21. At the time Defendant acquired servicing rights to the subject loan, the balance of the subject loan was accelerated.

22. Once the subject loan was accelerated, the entire balance was due; in other words, no further monthly payments became due.

23. At no time did Plaintiff reinstate (cure the default) or seek reinstatement of the subject loan.

24. On November 18, 2019, Defendant sent Plaintiff a mortgage statement demanding payment on the subject loan.

25. This mortgage statement displayed/stated, in pertinent part:

> Payment Due Date: 12/1/2019
> **Amount Due: $259,207.55**
> *If payment is received after 12/16/2019, a $60.02 late fee will be charged.*

26. The mortgage statement further stated (1) "Your loan became delinquent 6/1/2009. As of 11/18, you are 3822 days delinquent on your mortgage loan"; (2) "Your regularly monthly payment has not been received. As a result, a late charge has been assessed to your account as shown above"; (3) "Total: $259,207.55 due. **You must pay this amount to bring your loan current**"; and (4) "Because interest, late charges, and other charges that may continue to accrue, the amount due on the day you pay may be greater." (emphasis in original)

27. Lastly, the mortgage statement stated: "This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose."

28. The mortgage statement further reflected that $60.02 in late fees were assessed to the subject loan on September 16, 2019, October 16, 2019, and November 18, 2019 respectively.

29. A true and correct copy of the mortgage statement is attached hereto as Exhibit A.

## DAMAGES

30. Plaintiff suffered from emotional distress as a result of Defendant's unlawful attempts to collect the subject debt as Plaintiff was led to believe his bankruptcy discharge had no legal effect and that he was still personally liable on the subject debt.

31. At no point in time after Plaintiff's bankruptcy discharge did Plaintiff attempt to reinstate the subject loan or otherwise demand reinstatement figures from Defendant.

32. As result of Defendant's conduct, Plaintiff was misled to believe that Defendant is entitled to late charges after the subject loan was accelerated (absent reinstatement).

33. Plaintiff has been further damaged by Defendant's conduct as the late charges that were assessed to the subject loan increased the amount due on the subject loan and in turn increased the value of the mortgage encumbering the subject property.

34. Accordingly, the late charges assessed to the subject loan unjustly enriched Defendant.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §1692 *et seq.*)
### (On behalf of Plaintiffs and the Members of the Putative Classes)

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. The subject debt is a "consumer debt" as defined by 15 U.S.C. §1692a(5) because it was incurred for primarily personal and family purposes.

37. If late charges are tied to overdue monthly payments, the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period. *See Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 794 (7th Cir. 2003).

38. While the subject loan provides for late fees when a monthly payment has not been made within fifteen days of the date on which it was due, monthly payments are not "due" once the loan is accelerated.

39. Here, the subject loan was previously accelerated. As a result, no monthly payments became due after the acceleration.

5

40. As stated above, Plaintiff never sought to reinstate the subject loan after his bankruptcy discharge.

   a. **Violations of 15 U.S.C. §1692e**

41. Section 1692e of the FDCPA provides:

   A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   (2) The false representation of –

      (A) the character, amount, or legal status of any debt.

   (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

   15 U.S.C. §§1692e ,e(2), e(5), and e(10).

42. Defendant's representation that "[i]f payment is received after 12/16/2019, a $60.02 late fee will be charged" is deceptive, false, and misleading once the subject loan is accelerated because it creates the false impression that Plaintiff is subject to additional late fees that cannot be charged to the subject loan due to the absence of a monthly payment obligation after acceleration and before reinstatement.

43. Defendant violated 15 U.S.C. §1692e(2) by making deceptive, false, or misleading representations as to the amount of debt owed on the subject loan – because the absence of a monthly payment obligation after acceleration and before reinstatement precluded the imposition of late charges for that period.

6

44. Defendant's representation that the total debt owed is $259,207.55 is false because the amount included the late charges that were improperly assessed to the subject loan. Accordingly, the represented amount was overstated.

45. Defendant violated 15 U.S.C. §1692e(5) by threatening the imposition of late charges after acceleration and before reinstatement of the subject loan because the absence of a monthly payment obligation after acceleration and before reinstatement precluded the imposition of late charges for that period.

46. Defendant violated 15 U.S.C. §1692e(10) by using false representations and deceptive means in threatening the imposition of late charges after acceleration and before reinstatement of the subject loan because the absence of a monthly payment obligation after acceleration and before reinstatement precluded the imposition of late charges for that period.

47. "A demand for immediate payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. §362) or the discharge injunction (11 U.S.C. §524), it is not." *Randolph v. IMBS, Inc*., 368 F.3d 726, 728 (7th Cir. 2004).

48. Defendant violated §1692e by making false representations in its attempts to collect the subject debt from Plaintiff personally because no payments were due on the subject loan at the time Defendant made payment demands on the subject debt by virtue of Plaintiff's bankruptcy discharge.

49. Defendant violated §1692e(2) by misrepresenting the character, amount, or legal status of the subject debt because no payments were due on the subject debt at the times Defendant made payment demands to Plaintiff personally by virtue of Plaintiff's bankruptcy discharge.

50. Defendant violated §1692e(10) by falsely representing that the subject debt was collectible at the time of the demands for payment because the subject debt was not collectible against Plaintiff personally by virtue of Plaintiff's bankruptcy discharge.

### b. Violations of §1692f

51. Section 1692f of the FDCPA provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

52. Defendant violated 15 U.S.C. §§1692f and f(1) by assessing late charges to the subject loan after acceleration and before reinstatement of the subject loan because the absence of a monthly payment obligation after acceleration and before reinstatement precluded the imposition of late charges for that period.

53. Defendant violated §§1692f and f(1) by attempting to collect an amount not permitted by law. Specifically, the bankruptcy discharge injunction prohibited Defendant from attempting to collect on the subject debt from Plaintiff personally. *See* 11 U.S.C. §1328(a) and 11 U.S.C. §524.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Classes, requests the following relief:

A. an order granting certification of the proposed classes, including the designation of Plaintiff as the named representative and the appointment of the undersigned as Class Counsel;

B. a finding that Defendant violated 15 U.S.C. §§1692e, e(2), e(5), e(10), f, and f(1);

C.     an order enjoining Defendant from further violation(s) of 15 U.S.C. §§1692 e, e(2), e(5), e(10), f, and f(1);

D.     an award of any actual damages sustained by Plaintiff and the Members of the Putative Classes as a result of Defendant's violation(s);

E.     an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

F.     an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

G.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H.     an award of such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

54.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

52.     Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Classes")

53.     The Putative Classes are defined as follows:

### Bankruptcy Discharge Class

All persons within the United States to whom (a) within the one (1) year prior to the filing of the original complaint and during its pendency; (b) received a correspondence from Defendant, the same as or substantially similar to the mortgage statement attached hereto as Exhibit A; (c) for purposes of collection upon a consumer debt; (d) that was discharged in a Chapter 7 or Chapter 13 bankruptcy proceeding pursuant to 11 U.S.C. §§727 or 1328(a).

### Late Charges Assessed Class

All persons within the United States to whom (a) within the one (1) year prior to filing of the original complaint and during its pendency; (b) were assessed late charges by Defendant; (c) after the loan was accelerated; and

9

(d) where the person(s) did not invoke his/her statutory/contractual right to reinstate the loan.

### Late Charges Threatened Class

All persons within the United States to whom (a) within the one (1) year prior to filing of the original complaint and during its pendency; (b) received a correspondence from Defendant, the same as or substantially similar to the mortgage statement attached hereto as Exhibit A; (c) after the loan was accelerated; and (d) where the person(s) did not invoke his/her statutory/contractual right to reinstate the loan.

54. The following individuals are excluded from the Putative Classes: (1) any Judge or presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.   Numerosity:**

55. The exact number of members of the Putative Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

56. Upon information and belief, Defendant services mortgages for thousands of consumers who fall into the definitions of the Putative Classes.

57. Members of the Putative Classes can be objectively identified from records of Defendant to be gained in discovery.

**B.   Commonality and Predominance:**

58. There are many questions of law and fact common to the claims of Plaintiff and the Putative Classes and those questions predominate over any questions that may affect individual members of the Putative Classes. Common questions for the Putative Classes include, but are not necessarily limited to the following:

   a. Whether Defendant attempted to collect mortgage debt that was discharged in bankruptcy from the Putative Class members personally.

   b. Whether Defendant unlawfully threatened the imposition of late charges after acceleration and before reinstatement of the underlying loans.

   c. Whether Defendant unlawfully assessed late charges after acceleration and before reinstatement of the underlying loans.

**C.   Typicality:**

59. Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as result of Defendant's conduct.

**D.   Superiority and Manageability:**

60. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

61. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

62. By contrast, a class action provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

63. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.   Adequate Representation:**

11

64. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

65. Plaintiff has no interests antagonistic to those of the Putative Classes, and Defendant has no defenses unique to Plaintiff.

66. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**Plaintiff demands a trial by jury.**

Dated: December 19, 2019                           Respectfully Submitted,

/s/ *Mohammed O. Badwan*

/s/ *Joseph S. Davidson*

Mohammed O. Badwan, Esq.
Joseph S. Davidson, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
Lombard, IL 60148
Phone (630) 575-8180
Fax: (630) 575- 8188
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com